**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| FRESH START PRODUCE SALES, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DEL MONTE FARMS, LLC and DANIEL DEL MONTE,<br><br>Defendants. | Civil Action<br>No. 1:12-cv-03483-KMW-AMD<br><br>**OPINION** |

**KAREN M. WILLIAMS, United States District Judge**

**THIS MATTER** comes before the Court on Defendant Daniel Del Monte's ("Del Monte") unopposed Motion to Reopen the Case, (ECF No. 52); Motion to Cancel Record of Judgment pursuant to N.J.S.A. 2A:16-49.1, (ECF No. 53); and Supplemental Certification evidencing Del Monte's satisfaction of a settlement agreement entered in a United States Bankruptcy Court adversary proceeding, (ECF No. 55). Del Monte argues that three judgments entered against him in 2014 by this Court (ECF Nos. 44, 48, 50) should be cancelled pursuant to N.J.S.A. 2A:16-49.11 because Del Monte received a discharge of his debts from the United States Bankruptcy Court for the District of New Jersey nearly nine years ago. (ECF No. 53-1, Ex. B).

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Fresh Start Produce Sales, Inc. ("Fresh Start") filed this suit over twelve years ago under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.*, to recover damages for an alleged failure by Del Monte and his company, Del Monte Farms, LLC to pay Fresh Start for the

purchase of perishable agricultural commodities. (ECF No. 1). Plaintiffs Everkrisp Vegetables, Inc. ("Everkrisp") and C.H. Robinson Worldwide, Inc. ("C.H. Robinson," collectively with Fresh Start and Everkrisp, "Debtors") filed a Motion to Intervene (ECF No. 24), which was granted on March 20, 2013 (ECF No. 26). Everkrisp and C.H. Robinson thereafter filed Intervenor Complaints, which likewise sought to recover damages against Del Monte under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.*, for Del Monte and his company's failure to pay for the purchase of perishable agricultural commodities. (ECF Nos. 27, 28).

On March 21, 2014, this Court entered an Order of Judgment in favor of Fresh Start against Del Monte in the aggregate amount of $266,598.01, (ECF No. 44). On April 2, 2014, this Court entered an Order of Judgment in favor of Everkrisp against Del Monte in the amount of $73,297.33 (ECF No. 48); and an Order of Judgment in favor of C.H. Robinson Worldwide, Inc. against Del Monte in the amount of $31,131.17, (ECF No. 50) (collectively, the "Judgments").

Del Monte filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. *In re Del Monte*, Case No. 14-34354-ABA (Bankr. D.N.J. filed Dec. 1, 2014) ("**Bankr. Docket**"); (*see* Supplemental Certification of Daniel Del Monte in Support of Motion to Cancel Record of Judgment and Discharge ("Del Monte Supp. Cert.") ¶2, ECF No. 55). Del Monte received a discharge from the Bankruptcy Court on March 20, 2015 which he argues discharged his obligation to pay Debtors pursuant to the 2014 Judgments. (Certification of Daniel Del Monte in Support of Motion to Cancel Record of Judgment and Discharge ("Del Monte Cert.") ¶¶2-3, 6, 9, Ex. B – Discharge Order, ECF No. 53-1).

On April 4, 2015, Fresh Start initiated an adversary proceeding against him requesting that the Bankruptcy Court declare Del Monte's debt to Fresh Start to be nondischargeable. *See Fresh Start Produce Sales, Inc. v. Del Monte*, No. 15-01872 (Bankr. D.N.J. filed April 4, 2015) (Bankr. Docket No. 25). On January 19, 2016, Del Monte and Fresh Start settled the adversary proceeding

2

("Adversary Proceeding Settlement"), with the parties thereto agreeing to a one-time payment from Del Monte to Fresh Start in the amount of $45,000. (Bankr. Docket No. 27). The Clerk of the Bankruptcy Court thereafter entered a Certification of No Objection to the Settlement of Controversy and the adversary proceeding was closed. (Bankr. Docket No. 29).

In the instant action, Del Monte has certified that he paid this $45,000 to Fresh Start. (Del Monte Supp. Cert. ¶¶5-6, ECF No. 55). Del Monte further certifies that Fresh Start did not provide him with a formal satisfaction and release, nor did he request one—believing the matter was resolved upon his payment. (*Id.* ¶¶8, 10). Del Monte attests that Fresh Start has not contacted him about the "judgment, debt, or any alleged default of the settlement agreement," and is not in possession of any evidence to suggest that the settlement was not satisfied. (*Id.* ¶¶9, 11). In the Chapter 7 case, neither Everkrisp nor C.H. Robinson filed adversary proceedings seeking a determination of non-dischargeability. (*See* Bankr. Docket; *see also* Del Monte Supp. Cert. ¶7, ECF No. 55). The Debtors have not opposed the instant relief Del Monte now seeks and appear to have received notice of the Motions through their respective registered agents and counsel.[1] (Certification of Service, ECF No. 54). Del Monte now seeks an Order from this Court cancelling and discharging the record of the Judgments pursuant to N.J.S.A. 2A:16-49.11. (ECF Nos. 52, 53, 54, 55).

## II.    ANALYSIS

Federal Rule of Civil Procedure 60(b)(6) provides that a party or its representative may be relieved from a final judgment, order, or proceeding for "any other reason that justifies relief." Collections of money judgments are governed by Federal Rule of Civil Procedure 69, which states in relevant part that "[a] money judgment is enforced by a writ of execution . . . the procedure on execution–and in proceedings supplementary to and in aid of judgment or execution–must accord

---

[1] Counsel for the Debtors should have also received electronic notice of the Motions by way of the Court's Electronic Case Files system.

3

with the procedure of the state where the court is located . . . ." Thus, the Court must apply the procedure set forth by New Jersey law. N.J.S.A. 2A:16–49.1 provides, in relevant part:

> At any time after 1 year has elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him, or to the court of which it has become a judgment by docketing it, or filing a transcript thereof, for an order directing the judgment to be canceled and discharged of record.[2]

Courts in this District have regularly applied the statute to cancel judgments discharged in bankruptcy. *See Quality King Fragrance Inc. v. Barbanel*, 2017 WL 3259809, at *1 (D.N.J. Feb. 7, 2017), *R&R adopted*, 2017 WL 3259794 (D.N.J. July 31, 2017) (discharging default judgment under N.J.S.A. 2A:16–49.1) (Wettre, J.); *see Midlantic Nat. Bank*, 2009 WL 936773, at *2 (same) (Brown, J.); *Summit Bank v. Vessel "Harbor Light"*, 260 B.R. 694, 695 (D.N.J. 2001) (same) (Simandle, J.). "New Jersey caselaw establishes that the purpose of section 2A:16-49.1 is to assure that judgments 'intended to be discharged under federal bankruptcy law will not continue to cloud the marketability of title to property owned by the debtor.'" *Quality King Fragrance Inc.*, 2017 WL 3259809, at *1 (quoting *Chemical Bank v. James*, 354 N.J. Super. 1, 8 (App. Div. 2002)). "Consequently, the determinative question on a motion to discharge a judgment under this statute is 'whether or not the lien was subject to be discharged or released under the provisions of the Bankruptcy Code.'" *Id.* (quoting *Chemical Bank*, 354 N.J. Super. at 9)).

Here, Del Monte received a general discharge from the United States Bankruptcy Court for the District of New Jersey on March 20, 2015. (Del Monte Cert. ¶6, Ex. B, ECF No. 53-1). Del Monte has submitted a Certification of Service indicating that the Debtors have received notice of

---

[2] The statute contains an exception not appearing to be relevant here—"[w]here the judgment was a lien on real property owned by the bankrupt prior to the time he was adjudged a bankrupt, and not subject to be discharged or released under the provisions of the Bankruptcy Act, the lien thereof upon said real estate shall not be affected by said order and may be enforced." N.J.S.A. 2A:16–49.1. Del Monte has certified that Plaintiffs never levied upon any real estate to satisfy the judgement lien arising from the District Court Judgment. (Del Monte Cert. ¶7, ECF No. 53-1); *see Midlantic Nat. Bank v. Vessel Canadian Star*, 2009 WL 936773, at *1 (D.N.J. Apr. 6, 2009) (canceling and discharging default judgment).

4

the discharge. (ECF No. 54; *see* Del Monte Cert. ¶4, Ex. B, ECF No. 53-1). The only remaining question is "whether or not the lien was subject to be discharged or released under the provisions of the Bankruptcy Code." *Quality King Fragrance Inc.*, 2017 WL 3259809, at *2. The Debtors could have appeared to oppose the relief that Del Monte seeks but did not.

Courts in this District have canceled and discharged judgments pursuant to N.J.S.A. 2A:16–49.1 upon only certification that the conditions of the statute have been met combined with the nonopposition of the judgment creditor and a bankruptcy court discharge. *See Gen. Elec. Cap. Corp. v. Oncology Assocs. of Ocean Cnty., LLC*, 2023 WL 7709084, at *1 (D.N.J. Nov. 14, 2023) (Shipp, J.); *Midlantic Nat. Bank*, 2009 WL 936773, at *2 ("As nearly sixteen years have passed since the U.S. Bankruptcy Court discharged [Defendants'] dischargeable debts, and neither [the] judgment lienholder [] nor its successors-in-interest have levied upon [Defendants'] property to satisfy the default judgment, this Court concludes that cancellation of the default judgment . . . , pursuant to N.J.S.A. 2A:16-49.1 is appropriate."). Here, those elements are met. Del Monte has certified credible evidence without opposition that: (1) he notified the Debtors that he received a discharge from the Bankruptcy Court; (2) the Debtors never levied upon his real estate to satisfy the Judgments; and (3) he satisfied the Adversary Proceeding Settlement. Accordingly, cancellation and discharge of the Judgments pursuant to N.J.S.A. 2A:16–49.1 is appropriate. *See id.*

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant Daniel Del Monte's Motions. An accompanying Order shall issue.

Dated: September __, 2024

KAREN M. WILLIAMS
United States District Judge

5